UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DAVID VAN ELZEN**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**REVIMEDIA, INC.,** a Delaware corporation,<br><br>*Defendant*. | Case No. :<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff David Van Elzen ("Van Elzen" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant ReviMedia, Inc. ("ReviMedia") to stop its practice of sending unsolicited text messages and making prerecorded phone calls to cellular telephones - including those on the Do Not Call Registry - and to obtain redress, including injunctive relief, for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. Defendant ReviMedia, Inc. is a lead generation company that owns and/or operates the website, bestquotes.com"[1] Defendant also offers lead generation software that

---

[1] https://www.facebook.com/pg/revimedia/about/?ref=page_internal.
[2] http://www.inc.com/profile/revimedia.
[3] ReviMedia owns and operates the website BestQuotes.com. *See* http://www.facebook.com/pg/revimedia/about/?ref=page_internal; https://bestquotes.com/terms-

1

features lead scoring, automated optimizations and analytics for the insurance, automotive, and home security industries.[2]

2.      Unfortunately for consumers, Defendant cast its marketing net too wide. That is, in an attempt to promote its business and generate leads, Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the sending of repeated unsolicited text messages and the making of prerecorded telephone calls to consumers' cellular telephones without prior express written consent - and to those who have registered their telephone numbers on the Do Not Call Registry - all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

**A. Bulk SMS Marketing**

3.      In recent years, marketers who have felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk messages cheaply.

4.      Bulk text messaging, or SMS marketing, has emerged as a new and direct method of communicating and soliciting consumer business. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters. An SMS message is a text message call directed to a wireless device through the use of the telephone number assigned to the device.

5.      When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS

---

[2] http://www.inc.com/profile/revimedia.

messages, may be received by the called party virtually anywhere worldwide and instantaneously.

## PARTIES

6. Plaintiff David Van Elzen is a natural person and a resident of Appleton, Wisconsin, in the County of Outagamie.

7. Defendant ReviMedia, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 501 5th Avenue, suite 124, in New York, New York 10017. Defendant conducts business throughout this District, the State of New York, and the United States. Defendant's agent for service of process can be served at 80 State Street, Albany, New York 12207.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because Defendant conducts a significant amount of business in this District, solicits consumers in this District, made and continues to send unsolicited text messages and make prerecorded telephone calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

9. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because Defendant resides in this District.

**COMMON FACTUAL ALLEGATIONS**

10.     Defendant is a lead generation company serving the insurance, automotive, and home security industries.

11.     Text messages, like the ones sent in the instant action, are considered calls under the TCPA. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (July 3, 2003); *see also Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009) (noting that text messaging is a form of communication used primarily between telephones and is therefore consistent with the definition of a "call").

12.     As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

13.     Yet in violation of the aforementioned rule, Defendant fails to obtain any prior express written consent to make these autodialed text messages and prerecorded telephone calls to cellular telephone numbers.

14.     In recent years, companies such as Defendant have turned to unsolicited telemarketing as a way to increase its customer base. Widespread telemarketing is a primary method by which Defendant recruits new customers.

15.     At all times material to this Complaint Defendant was and is fully aware that unsolicited telemarketing text messages and prerecorded telephone calls are being made to consumers' cellular telephones through their own efforts and their agents.

16. Defendant knowingly made (and continues to make) unsolicited telemarketing text messages and prerecorded telephone calls without the prior express written consent of the call recipients and even to those on the National Do Not Call Registry. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

### FACTS SPECIFIC TO PLAINTIFF DAVID VAN ELZEN

17. On June 10, 2011, Plaintiff registered his cellular telephone number on the National Do Not Call Registry to avoid receiving unsolicited telemarketing calls and text messages on his cellular telephone.

18. On February 18, 2017 at 4:59 a.m. (and more than 30 days after registering his cellular telephone number on the Do Not Call Registry), Plaintiff received the first unsolicited text message from ReviMedia. Said unsolicited text message read, "David, You've caught me off hours. My hours are M-F 9AM-7PM EST. Is there a good time during those hours I can schedule a call for you?"

19. Just over an hour later, on the same day, at 6:12 a.m., Plaintiff received a second unsolicited text message from ReviMedia stating, "This is Best Quotes, we were reaching out to you regarding the health insurance quote you requested. When's a good time to go over your options?"[3]

20. The phone number provided in the text messages, 619-326-3259, belongs to and/or is used by ReviMedia in its attempts to solicit business, and in its attempts to contact Plaintiff.

---

[3] ReviMedia owns and operates the website BestQuotes.com. *See* http://www.facebook.com/pg/revimedia/about/?ref=page_internal; https://bestquotes.com/terms-and-conditions/.

5

21. On or around February 20, 2017 at approximately 10:15 a.m., Plaintiff received a prerecorded telephone call from 619-326-3259.

22. During the telephone call, a prerecorded voice instructed Plaintiff to press #1 for a quote, press #2 to schedule a call-back, and #9 to be removed from its contact list. Plaintiff pressed #9 to be removed from its contact list.

23. For the sole purpose of discovering how ReviMedia obtained his information, Plaintiff contacted ReviMedia and spoke with ReviMedia's agent, "Joe." "Joe" informed Plaintiff that he could not give him that information due to security reasons. Thereafter, Plaintiff terminated the call.

24. Plaintiff does not have a relationship with ReviMedia, has never provided his telephone number directly to ReviMedia, or requested that ReviMedia send text messages or place prerecorded telephone calls to him or offer him its services. Simply put, Plaintiff has never provided his prior express written consent to ReviMedia to make prerecorded telephone calls or to send text messages to him and has no business relationship with ReviMedia whatsoever.

25. By sending unauthorized text messages and placing prerecorded telephone calls as alleged herein, ReviMedia has caused consumers actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the text messages and prerecorded telephone calls disturbed Plaintiff's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on Plaintiff's phone.

26. In order to redress these injuries, Plaintiff, on behalf of himself and the Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited voice and text calls to cellular telephones.

27. On behalf of the Classes, Plaintiff seeks an injunction, requiring Defendant to cease all wireless calling and text messaging activities and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

28. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following three Classes:

> **Prerecorded No Consent Class**: All persons in the United States from four years to the filing of the instant action who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) for the purpose of selling Defendant's products and services, (4) using a prerecorded voice, and (5) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.
>
> **Text Message No Consent Class:** All persons in the United States from four years prior to the filing of the instant action who (1) Defendant (or a third person acting on behalf of Defendant) sent text messages, (2) to the person's cellular telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send automated text messages to the Plaintiff.
>
> **DNC No Consent Class**: All persons in the United States who (1) received more than one text message on his/her cellular telephone; (2) within any 12-month period (3) where the cellular telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to send automated text messages and/or place prerecorded telephone calls to the Plaintiff.

29. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents

have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant has been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

30. **Numerosity**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent autodialed text messages and made prerecorded telephone calls to thousands of consumers who fall into the definition of the Classes. Members of the Classes can be easily identified through Defendant's records.

31. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

  (a) whether Defendant's conduct constitutes a violation of the TCPA;

  (b) whether Defendant utilized an automatic telephone dialing system to send text messages to members of the Classes;

  (c) whether Defendant utilized an automatic telephone dialing system or prerecorded voice to place prerecorded calls to members of the Classes;

  (d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct;

  (e) whether Defendant obtained prior express written consent to contact any Class members;

  (f) Whether Defendant sent multiple unsolicited text messages to consumers who were registered on the Do Not Call registry.

32. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Classes.

33. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

///

///

///

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227,** *et seq.***)**
**(On Behalf of Plaintiff Van Elzen and the Prerecorded No Consent Class)**

34. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

35. Defendant made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Prerecorded No Consent Class on their cellular telephones in an effort to sell its products and services using a prerecorded voice as defined in the TCPA.

36. Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

37. Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Prerecorded No Consent Class simultaneously and without human intervention.

38. Defendant failed to obtain any prior express written consent from Plaintiff and other called parties that included, as required by 47 C.F.R. § 64.1200(f)(8)(i) a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

39. Any consent that was supposedly obtained required Plaintiff and the class members to receive autodialed and prerecorded calls.

40. Defendant also failed to obtain any prior express oral consent of the persons receiving its prerecorded telephone calls.

41. By making unsolicited telephone calls to Plaintiff and members of the Prerecorded No Consent Class's cellular telephones using a prerecorded voice, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by doing so without prior express written consent as required.

42. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Prerecorded No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

43. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Prerecorded No Consent Class.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227, *et seq.*)**
**(On Behalf of Plaintiff Van Elzen and the Text Message No Consent Class)**

44. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

45. Defendant sent autodialed text messages to cellular telephone numbers belonging to Plaintiff and other members of the Text Message No Consent Class without first obtaining prior express written consent to receive such autodialed text messages.

46. Defendant sent the text autodialed text messages using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human

intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers.

47. By sending the unsolicited text messages to Plaintiff and the cellular telephones of members of the Text Message No Consent Class without their prior express written consent, and by utilizing an automatic telephone dialing system to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

48. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Text Message No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

49. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Text Message No Consent Class.

**THIRD CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227, *et seq.*)**
**(On Behalf of Plaintiff Van Elzen and the DNC No Consent Class)**

50. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

51. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of

said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

52. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

53. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the FCC's July 3, 2003 Report and Order, which in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[4]

54. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

---

[4] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

55. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless telephone subscribers such as Plaintiff and the DNC No Consent Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

56. Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy of dealing with do not call requests, by failing to inform or train its personnel regarding any do not call list, and by failing to record and honor do not call requests.

57. Defendant made more than one unsolicited text message and/or telephone call to Plaintiff and other members of the DNC No Consent Class within a 12-month period without their prior express consent to receive such text messages and/or telephone calls. Plaintiff and other members of the DNC No Consent Class never provided any form of consent to receive text messages and/or telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing text messages to them.

58. Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the DNC No Consent Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls and/or text messages from them.

59. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the DNC No Consent Class received more than one text message and/or telephone calls in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the DNC No Consent Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

60. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the DNC No Consent Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff David Van Elzen, individually and on behalf of the Classes, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff David Van Elzen as the representative of the Classes, and appointing his counsel as Class Counsel;

2. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

3. An order declaring that Defendant's actions, as set out above, violate the TCPA;

4. A declaratory judgment that Defendant's prerecorded telephone calling and/or text messaging equipment constitutes an automatic telephone dialing system under the TCPA;

5. An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful text messaging and prerecorded telephone calling practices;

6. An order requiring Defendant to identify any third-party involved in the autodialed text messaging as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

7. An order requiring Defendant to identify any third-party involved in the prerecorded calling as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

8. An injunction requiring Defendant to cease all unsolicited autodialed text messaging and prerecorded telephone calling activities, and otherwise protecting the interests of the Classes;

9. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive text messages and prerecorded telephone calls made with such equipment;

10. An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until they establish and implement policies and procedures for ensuring the third-party's compliance with the TCPA;

11. An injunction prohibiting Defendant from conducting any future telemarketing activities until they have established an internal Do Not Call List as required by the TCPA;

12. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

13. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**DAVID VAN ELZEN**, individually and on behalf of Classes of similarly situated individuals

Dated: March 23, 2017       By: ___/s/Stefan Coleman_____
                                One of Plaintiff's Attorneys

Stefan Coleman (4734091)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
5 Penn Plaza, 23rd floor
New York, New York 10001
Telephone: (877) 333-9427
Facsimile: (888) 498-8946
Attorney for Plaintiff and the Classes