# LAW OFFICES OF
# STEFAN COLEMAN, P.A.

5 Penn Plaza, 23rd Floor, New York, NY 10001

PHONE (877) 333-9427 | FAX (888) 498-8946
EMAIL: law@StefanColeman.com

WEB:  CLASSACTION.WS

June 15, 2017

<u>VIA ECF</u>

Hon. Paul G. Gardephe
United States District Court Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

**Re:** *David Van Elzen v. ReviMedia, Inc.,* **Case #1:17-cv-02131-PGG**

Dear Judge Gardephe:

Plaintiff David Van Elzen ("Plaintiff" or "Van Elzen") and Defendant ReviMedia, Inc. ("Defendant" or "ReviMedia") hereby submit the following joint letter in advance of the Initial Pretrial Conference scheduled for June 22, 2017 at 10:15 a.m.

## I. Description of the Case

*Plaintiff's Position*: Plaintiff's Class Action Complaint alleges that ReviMedia violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA" or the "Act").  Specifically, Plaintiff claims that ReviMedia violates the Act's provisions barring the placement of unsolicited text message calls and pre-recorded voice calls without the recipient's prior express written consent, including those persons on the Do Not Call Registry.

Defendant contends that it secured Plaintiff's prior express consent to send him text messages and pre-record voice calls. Specifically, ReviMedia contends that Plaintiff accessed the Best Quotes website, completed the form, and thus consented to receive calls. Plaintiff denies ever accessing the Best Quotes website and thus denies providing any consent to be called. Nearly all of the information contained in the lead ReviMedia contends is Plaintiff's is inaccurate. Inaccurate information contained in the lead includes, but is not limited to: (1) the IP address associated with the lead is from North Carolina but Van Elzen lives in Wisconsin, (2) Plaintiff's name is spelled incorrectly (3) the lead came through at 2:10 a.m., a time when Plaintiff is asleep, (4) Plaintiff's birthdate is incorrect, (5) the lead was sent using a Mozilla browser, which Plaintiff does not use, (6) the mailing address provided is out-of-date, and (7) the lead states Plaintiff is married, but he is not. In short, if Plaintiff truly completed the Best Quotes form this information would not be inaccurate. Thus, Plaintiff believes the lead is likely fraudulent and therefore he did not provide consent (nor did he agree to any arbitration provision contained on the Best Quotes website).

*Defendant's Position*:  Defendant denies that it violated the TCPA because Plaintiff provided prior express written consent to receive the text messages and phone call alleged in the complaint.

LAW OFFICES OF
STEFAN COLEMAN, P.A.

5 Penn Plaza, 23rd Floor, New York, NY 10001

Defendant has records showing that a person named David Van Elzen, with the same phone number, email address and other attributes as Plaintiff, signed up to receive an insurance quote on the BestQuotes.com website, prior to the time Plaintiff alleges to have received the calls at issue.

In addition, Plaintiff's purported claims are subject to mandatory arbitration on an individual basis. By signing up to receive a quote on the BestQuotes.com website, Plaintiff agreed to a set of Terms and Conditions, which include a valid arbitration clause and class action waiver.

## II.    Contemplated Motions

*Plaintiff's Position.* Plaintiff anticipates moving for class certification after an appropriate period of discovery. Plaintiff thereafter expects to file a motion for summary judgment. Plaintiff may also potentially need to file a motion to amend the pleadings.

*Defendant's Position*: Defendant anticipates filing a motion for judgment on the pleadings and/or to compel arbitration and a motion for summary judgment.

## III.   Prospect for Settlement

The Parties believe that there is too much factual uncertainty at this stage to engage in meaningful settlement discussions, but are willing to engage in such discussions after discovery is underway.

## IV.    Proposed Discovery Plan

The Parties' draft Civil Case Management Plan and Scheduling Order is attached.

The Parties propose that discovery proceed with respect to both class and merits issues for a period of eight (8) months. The first six (6) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. At the close of this 8-month period the Parties would brief class certification. Following a ruling on class certification, the Parties propose that the Court hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial.

Respectfully submitted,

By: /s/Stefan Coleman
One of Plaintiff's Attorneys

Stefan L. Coleman
Law Offices of Stefan Coleman P.A.

42010894;1

LAW OFFICES OF
STEFAN COLEMAN, P.A.

5 Penn Plaza, 23rd Floor, New York, NY 10001

5 Penn Plaza, 23rd Floor
New York, NY 10001
Tel: 877.333.9427
law@stefancoleman.com

\* *Pro Hac Vice*

By: /s/Ezra D. Church
One of Defendant's Attorneys

Ezra Dodd Church\*
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5710
Fax: (215) 963-5001
Email: ezra.church@morganlewis.com

\* *Pro Hac Vice*

David G. Braun
Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
(212) 309-6861
Fax: (212) 309-6001
Email: david.braun@morganlewis.com